## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| BARBARA FARR DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:17-CV-71-MSH |
| | : | Social Security Appeal |
| NANCY A BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's applications for disability insurance benefits and Supplemental Security income finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A Plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Barbara Farr Davis applied for disability insurance benefits on June 10, 2013, alleging she became disabled to work on March 15, 2012. Her application was denied initially on October 4, 2013, and on reconsideration on November 1, 2013. She made a timely written request for an evidentiary hearing before an administrative law judge ("ALJ") on November 26, 2013. The hearing was conducted on July 10, 2015. Plaintiff appeared with her attorney and testified, as did an impartial vocational expert ("VE"). Tr. 21. On October 5, 2015, the ALJ issued a decision denying her claim. Tr. 18-34. Plaintiff sought review by the Appeals Council on December 3, 2015, but was denied on January 26, 2017. Tr. 15-17, 1-7. Having exhausted the administrative remedies available to her under the Social Security Act, she seeks judicial review of the Commissioner's final decision denying her claim for benefits.

## STATEMENT OF FACTS AND EVIDENCE

When the ALJ issued his written decision Plaintiff was sixty-three years old. Tr. 44. She has a high school education and past relevant work as a store manager and customer service representative. Tr. 199. In conducting the five-step sequential analysis of Plaintiff's claim, the ALJ found her to have the severe impairment of obesity. Finding 3, Tr. 23. He next determined that her obesity does not meet or medically equal the severity of a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 26. Between steps three and four, the ALJ formulated a residual functional capacity assessment ("RFC") which permits Plaintiff to engage in medium work with the restriction that she can sit for at least two hours in an eight-hour workday. Finding 5, Tr. 26-28. At

step four he determined that within this restricted RFC assessment she can return to her past relevant work as a retail store manager or store employee. Finding 6, Tr. 28. However, after testimony by a VE, the ALJ made alternative step-five findings and found Plaintiff capable of working as a customer service clerk or sales clerk. Tr. 28-29. He therefore found Plaintiff to be not disabled. Finding 7, Tr. 29.

## DISCUSSION

### I. The ALJ's Step-Two Analysis & RFC Formulation

Plaintiff first contends that the ALJ "erred by failing to apply the *de minimus* standard" in his step-two analysis of her claim and further "erred by formulating an RFC which excluded the practical effects of demonstrated impairments." Pl.'s Br. 3, ECF No. 16. This contention has no merit. At step two the ALJ determined that Plaintiff has the severe impairment of obesity, thus finding in her favor and proceeding to subsequent steps in the sequential analysis. When an ALJ recognizes at least one severe impairment and continues to the succeeding steps in the evaluation process, there is no requirement to identify additional impairments at step-two. *Tuggerson-Brown v. Comm'r of Soc. Sec.,* 572 F. App'x 949, 951-52 (11th Cir. 2014). In formulating Plaintiff's RFC, the ALJ expressly stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted." Tr. 26. He thoroughly discussed her alleged orthopedic impairments, particularly her assertions of disabling back and leg pain. Tr. 24, 27-28. The ALJ's written decision made facially apparent his consideration of all of Plaintiff's symptoms in assessing her RFC. Any error in not finding these impairments "severe" at step-two is harmless. *See Gray v. Comm'r of Soc. Sec.,* 550 F. App'x 850 (11th Cir. 2013).

## II. The ALJ's Step-Four Analysis

Plaintiff further argues that she cannot perform her past relevant work and the ALJ's step-four finding that she can is erroneous. In support of this assertion, she largely relies on records and statements of Michael Haniotis—a chiropractor. Chiropractors are not medical sources but are considered as "other sources" under the Commissioner's regulations. 20 C.F.R. §§ 404.1502, 404.1513(a)(d). They are not entitled to significant or controlling weight. *Miles v. Comm'r of Soc. Sec.,* 469 F. App'x 743 (11th Cir. 2012). Nonetheless, the ALJ reviewed the records of Plaintiff's chiropractic care and noted x-rays showing normal cervical spine, knees, and feet, and the chiropractor's conclusions that she had normal reflexes and sensation. He correctly stated that the chiropractor only diagnosed cervical, thoracic, and lumbar strain resulting from "whiplash" secondary to an automobile accident. Tr. 24. The ALJ discounted what the chiropractor said in an October 2013 questionnaire because it was inconsistent with the weight of medical evidence, unsupported by any rationale or medical analysis, and based almost exclusively on Plaintiff's subjective complaints of pain. Tr. 27. The ALJ correctly considered the chiropractic evidence in the record.

As part of her claim that she is unable to resume past relevant work, Plaintiff contends that the job the ALJ identified at step four is a "composite job" she cannot perform. Pl.'s Br. 4 n.1, 12 n.12. Plaintiff failed to present this argument to the ALJ or the Appeals Council and it is waived. *Alacare Home Health Servs., Inc. v. Sullivan,* 891 F.2d 850, 855 n.5 (11th Cir. 1990). Also, the ALJ proceeded to an alternative step-five analysis where, with the testimony of a VE, he found her able to work as a customer service clerk

or sales clerk.  Finding 6, Tr. 29.  Plaintiff has not shown that she is unable to perform these jobs.  Her second asserted error is meritless.

## III.    Evaluation of Opinion Evidence

Finally, Plaintiff claims the ALJ erred by "fail[ing] to provide good/specific/supported reasons for discounting opinion evidence that established limitations resulting from her back impairment."  Pl.'s Br. 14.  The ALJ began his evaluation of her claim by reviewing records of an emergency room ("ER") visit on March 13, 2012, two days prior to her alleged onset of disability date.  He noted her complaints of "chest pain" after recently losing her job over missing money for which she was held responsible and terminated.  Records confirm the ALJ's findings that Plaintiff was suffering from anxiety, was treated with a 0.25 milligram dosage of Xanax and discharged.  All her clinical signs were normal and no follow-up was required.  Tr. 23, Ex. 4F.  She went to the ER again in July 2013 complaining of nervousness and neck and upper extremity pain.  Plaintiff's objective test results were normal and she was treated with 0.5 milligrams of Xanax and Percoset and released.  Tr. 23, Ex. 6F.  She returned after a motor vehicle accident in August 2013, and was again treated and released.  Tr. 24.

After her motor vehicle accident, Plaintiff sought care from Mr. Haniotis and Dr. Grant Scarborough.  Dr. Scarborough conducted magnetic resonance imaging studies on Plaintiff in May 2014, which found minimal to moderate disc bulge secondary to degenerative disc disease.  He referred her to Michael Gorum, M.D., a neurosurgeon.  Dr. Gorum saw Plaintiff in September 2014 and found no deficits in her strength, nerve sensation or reflexes, and ruled out surgery.  Tr. 24-25, Exs. 12F, 13F, 14F.  Plaintiff saw

Dr. Scarborough again in December 2014 and referred her to physical therapy after he found her strength, station, and gait all normal. Tr. 25, Exs. 16F, 17F.

The ALJ noted that the findings of Drs. Scarborough and Gorum were consistent with a consultative examination done by Prima Rao Foster, M.D., in August 2013. Dr. Foster also found no deficits in Plaintiff's strength, grip, gait, dexterity, nerve sensation, or reflexes. The ALJ expressly afforded "considerable weight" to these findings. Tr. 27. While Plaintiff is correct that state agency record reviewers stated that she has restrictions beyond what the three examining medical doctors found, the ALJ did not err in discounting their opinions in favor of the medical opinions of the physicians who both examined Plaintiff and conducted objective medical tests to confirm their conclusions. Opinions of examining physicians are generally entitled to more weight than non-examining physicians. *Broughton v. Heckler,* 776 F.2d 960, 961 (11th Cir. 1985). The ALJ did not err in the manner in which he reviewed the record evidence or in how he assigned weight to that evidence. Plaintiff's third asserted error has no merit.

## CONCLUSION

The Court finds that none of Plaintiff's assertions of error are meritorious. Accordingly, the Commissioner's decision is affirmed.

SO ORDERED, this 26th day of March, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE